**LEE & MASON INTERNATIONAL AGENCY, INC., Appellant,**

v.

**Danny DAUGHERTY, Sr. and Danny Daugherty, Jr., Appellees.**

**No. 91–CA–989–MR.**

Court of Appeals of Kentucky.

May 1, 1992.

---

Charles M. Friedman, Louisville, for appellant.

Wallace H. Spalding, III, Louisville, for appellee, Danny Daugherty, Sr.

Before HOWERTON, STUMBO and WILHOIT, JJ.

HOWERTON, Judge.

Lee & Mason International Agency, Inc. appeals from a summary judgment entered in the Bullitt Circuit Court on April 1, 1991, dismissing its action against Danny Daugherty, Sr., and Danny Daugherty, Jr., for the deficiency due under a retail installment contract and security agreement. We affirm.

In October of 1985, Danny Daugherty applied to purchase a 1985 Ford Mustang automobile for $15,700 from Town & Country Ford, Inc. of Louisville. Liberty National Bank provided the financing for $14,584.72, the balance due after a trade-in. As security for the loan, Liberty took a lien on the Mustang.

After driving the car for approximately one year, the Daughertys defaulted on the loan and voluntarily returned the vehicle to Liberty on October 29, 1986. On November 6, pursuant to KRS 355.9–504, Liberty sent the Daughertys notice that the Mustang had been repossessed and would be resold at a public sale on the date and time set forth in the notice, unless the Daughertys exercised their right to redeem the vehicle prior to that date.

At the public auction, on November 18, the highest bid for the vehicle was $7,400, which was rejected by Liberty on the advice of its insurance carriers, Lee & Mason. On December 4, 1986, Liberty assigned to Lee & Mason all its right, title and interest in the security agreement it had executed with the Daughertys in the purchase of the Mustang. Lee & Mason paid Liberty the sum of $13,669.66, thereby indemnifying Liberty for its loss.

Lee & Mason brought suit against the Daughertys in February of 1989, seeking to recover a deficiency balance of $6,269.66 it claimed was due under the terms of the installment contract. Cross-motions for summary judgment were filed, and on April 1, 1991, the court sustained the Daughertys' motion, dismissing the claim of Lee & Mason with prejudice. It is from this judgment Lee & Mason appeals.

Lee & Mason contends that the trial court's decision is in error and contrary to the evidence in the record. It further argues that it is entitled to judgment as a matter of law pursuant to CR 56.

In *Herring Mining Co. v. Roberts Brothers Coal Co.*, Ky.App., 747 S.W.2d 616, (1988), this Court provided at 618–619 that

> a creditor who takes possession of collateral upon the default of the debtor has two alternatives in dealing with the collateral. He must either sell the property in a "commercially reasonable" manner with notice provided to the debtor of the sale, KRS 355.9–504(1), (2), (3), or he may elect to retain the collateral in satisfaction of the debt. KRS 355.9–505(2).

In the present case, Liberty followed the terms of the statute when it provided the Daughertys with notice of the impending sale of the repossessed Mustang at a forthcoming auction, which was advertised in the *Courier Journal* as a public sale. The problem is that there is no evidence that a sale ever occurred.

Lee & Mason argues that Liberty sold the car to it for $7,400, an amount equal to

the highest bid at the auction. The record is devoid of any proof of sale. There is evidence of an assignment to Lee & Mason by Liberty of its right, title, and interest in the security agreement. Such an assignment is not a sale under KRS 355.9–504(5), which states:

A person who is liable to a secured party under a guaranty, indorsement, repurchase agreement or the like and who receives a transfer of collateral from the secured party or is subrogated to his rights has thereafter the rights and duties of the secured party. Such a transfer of collateral is not a sale or disposition of the collateral under this Article.

It is questionable whether any private sale to the insurance carrier would have qualified as a "commercially reasonable" sale because, in reality, it would have constituted a sale to a party with a vested interest in what would be viewed as less than an arms-length transaction. Moreover, if a sale had been made to Lee & Mason, there is nothing to indicate that the consideration was less than the full amount of the debt, since the record shows that Lee & Mason paid Liberty the total amount due under the contract. Nowhere does the record evidence an amount paid specifically for the automobile, and no bill of sale is shown.

As the assignee of Liberty, Lee & Mason could have sold the vehicle to a third party and collected the deficiency from the Daughertys. KRS 355.9–504(5). However, it would have been required to comply with the statutory conditions for a "commercially reasonable sale." Again, the record is devoid of any evidence of a sale of the vehicle by Lee & Mason to any third party—in a "commercially reasonable" manner, or otherwise.

This case is similar to *Cox Motor Car Company v. Castle*, Ky., 402 S.W.2d 429 (1966), where a finance company had repossessed a truck and turned it over to the dealer. The dealer then kept the truck and made a claim against the buyer for the unpaid balance. The court wrote, at 432:

[W]e find nothing in the record to show that there was a sale and an insufficiency of the proceeds thereof to cover the balance due on the conditional sale contract. Certainly Cox could not keep the truck and still make a claim for the amount of the unpaid balance on the contract. Having repossessed the truck, Cox was required to liquidate it at reasonable public sale, as a condition of seeking further recovery from Castle, and Castle's obligation became limited to whatever deficiency remained after such a sale. KRS 355.9–503 to 355.9–505.

There is no showing in this case that the repossessed Mustang was ever sold at a reasonable public sale. This precondition to recovery having never been met, the Daughertys cannot be held to be obligated for a deficiency that cannot be determined.

The statutes mandating the manner of repossession of goods and the subsequent sale of these goods were adopted to provide protection for both consumers and business people. The requirements are explicit, but not complicated.

We find that summary judgment for the Daughertys was warranted, and thus we affirm the decision of the Bullitt Circuit Court.

All concur.